902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William O. RIGNEY, a/k/a Billy Rigney, Defendant-Appellant.
 No. 89-5617.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 12, 1990.
Decided April 19, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, United States District Judge. (CR-88-274)
 Jon Rene' Josey, Rogers & Mcbratney, Florence, S.C., for appellant.
 E. Bart Daniel, United States Attorney; Alfred William Walker Bethea, Assistant United States Attorney, for appellee.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William O. Rigney appeals from his conviction for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. Secs. 846 and 841(b)(1)(B), contending that he was prejudiced when a government witness cryptically referred to a polygraph examination. We affirm.
 
 
 2
 The witness, Vivian O'Bannon, who had been arrested with other members of her family for selling cocaine, entered into a plea agreement and subsequently cooperated with the government concerning various prosecutions. She detailed cocaine activities of defendant William Rigney and his brother, Rayford Rigney. At the defendant's joint trial with his brother, she identified William as the courier for cocaine purchases from Rayford.
 
 
 3
 In O'Bannon's early interview with government agents, she had not originally identified William Rigney as one of the cocaine dealers, but testified at trial that her failure to include his activities in her debriefing with government agents resulted from her fear for herself and her family. She was questioned about this on direct and cross-examination and indicated that she previously had been threatened by Rayford Rigney and another individual who had reputations for violence.
 
 
 4
 During O'Bannon's direct examination she volunteered the testimony on which this appeal is grounded. In an apparent attempt to explain her initial failure during the government investigation to name William Rigney as a drug offender, the prosecutor asked,
 
 
 5
 Mrs. O'Bannon, I believe you testified you didn't tell the whole truth initially. But at some point in time you decided to tell more to the authorities. Is that correct?
 
 
 6
 Rayford Rigney's counsel objected to the question as leading. The prosecutor rephrased the question:
 
 
 7
 What, if anything, caused you to change your mind Mrs. O'Bannon?
 
 
 8
 She responded,
 
 
 9
 I was scheduled to take a polygraph, and I could not take--.
 
 
 10
 The prosecutor immediately interrupted her and there was no further reference to this testimony. Rayford's counsel objected with the single word "objection." There was no objection from defendant William Rigney's counsel. There was no request for a curative instruction and none was given; there was no motion for a mistrial.
 
 
 11
 At trial there was considerable evidence of the conspiracy involving the Rigney brothers, including the testimony of O'Bannon. The sole issue on this appeal is whether the single reference to a putative polygraph examination prejudicially tainted the trial. It is difficult to imagine that it did. If O'Bannon had stated even inadvertently that she had successfully passed a polygraph examination, thus bolstering her credibility, there might be a serious problem. United States v. Brevard, 739 F.2d 180, 182 (4th Cir.1984). Here, at most, she indicated that she came forward with the truth concerning the defendant's involvement because of the specter of a looming polygraph examination. The prosecutor obviously did not channel her examination to elicit this response and abruptly cut it off when it approached a questionable area. The defendant did not object or ask for a curative instruction or a mistrial, or take any other action concerning the cryptic testimonial statement. The defendant is reaching for an unavailable slender reed. The judgment of the district court is affirmed.
 
 
 12
 We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 13
 AFFIRMED.